SUMMERS, J.
The first question is, Whether the pleadings in this cause ought to be set aside, and the defendants permitted to plead in abatement, under the circumstances disclosed? •
Pleas in abatement are regarded with great strictness; and no example is found of the reception of such plea after a plea in bar (except for matter arising puis darrein continuance) ^'although it must frequently happen, that matter in abatement arising before suit brought, is discovered after issue joined. In Garrard v. Henry, 6 Rand. 112, 113, it is said by judge Carr, that the death of the demand-ant pending the action, abates the writ, and the court will ex officio abate the suit, at whatever stage the fact may come to its knowledge; but that the death of a party before the commencement of the suit, is a fact which does not itself abate the writ, but only falsifies and renders it abateable by plea; and that, if the tenant passes by the fact of such death, and joins the mise on the mere right, he thereby acknowledges the demandant is in life, and forever precludes himself from taking advantage of his death, in any manner or form. This is conclusive upon the first point.
2. The second question adjourned, is, Whether, if the pleadings are not now to be set aside, the court ought to stay proceedings until the persons prosecuting this suit, shall shew, by proof, that Howard was in life at the commencement thereof?
*491 The institution of suits in feigned names, fictitious suits, and the suing in the names of others, without their privity and consent, have ever been held to be perversions of the process of the courts; and to guard against such abuses, as well as to punish them, the courts have been constrained to exert their superintending and protecting powers, by putting the attorneys, and those who have prompted such suit, under rules to disclose the person of the plaintiff on the record, his place of residence, and whatever may be necessary to guard against frauds of this kind, whenever the proper occasions have arisen. In Gynn v. Kirby, 1 Stra. 402, the attorney was summoned before justice Ror-tescue to produce his client, and an order made, that unless he produced him within a month, the defendant should be at liberty to sign a non pros. : he failed to produce him: a non pros, was signed; and on affidavit, that no such man as the plaintiff could be found, a rule was made upon the attorney to pay the costs; and on demand and non-payment, an attachment *was awarded. The generality of the expression used by the judges in Garrard v. Henry, is not regarded as applying to this form of relief, since the questions here considered, did not arise in that case, and were evidently not within the scope of the examination there made. In Short v. King, 1 Stra. 681, a motion was made to stay proceedings in an ejectment, until payment of the costs of a former suit, and for notice where the lessors of the plaintiff were to be found; and the court denied the first, and granted the latter part of the rule. The power to interpose in this form, is abundantly sustained by authority ; Shindler v. Roberts, Barnes, 126; Hooper v. Harcourt, 1 H. Black. 534; Butterworth v. Stagg, 2 Johns. Ca. 291; The People v. Bradt, 6 Johns. Rep. 318; Coxe v. Phillips, Ca. Temp. Hardw. 237, 4 Black. Comm. 285, authorities, which remove all doubt of the propriety of exercising the power in the case before us.
3. The third question is, Whether Willard, who instituted the suit and for whose benefit a recovery is sought therein, ought to be permitted to prosecute the same to final judgment, without first shewing, that the demandant was living at the commencement thereof, though he may shew evidence of title to the land in controversy, and deduce his right from the demandant?
The discussion of this point is rendered unnecessary by the decision of the second. It will suffice to say, that a claimant cannot be permitted to assert his rights in the name of a party no longer in life, except in a few statutory cases.
4. The fourth question is, Ought the circuit court further to inquire into the alleged contempt and abuse of its process, on the evidence now before it? and if so, does the institution and prosecution of this suit in the name of a dead man, amount to a contempt and abuse of the process of the court, in Willard, and the attorneys engaged by him in the institution and prosecution thereof, provided it shall appear, that they had knowledge of the death of Howard, before the commencement thereof?
*It has been already stated, that-suing in feigned names, or in the names of others without their privity' and consent, is an abuse of the process of the court: and the cases before referred to, shew, that the attorney, or the party at whose request the suit is brought, may be attached for the costs ; and that where fraudulent purposes are manifest, the parties will deserve more serious animadversion. Upon the facts, as they now appear in the record, it is not apparent, whether the parties acted under a misconception of the law, or in conscious violation of it. Therefore, the court is of opinion, that the rule ought to be awarded, and an inquiry had as to this feature of the case.
5.The fifth question adjourned, is, What proceedings ought to be had, and what judgment given upon the whole matter?
Much of the ground covered by this inquiry, has been already disposed of. The answer given to the second question, and the reasoning upon which that answer is founded, shew the course which the circuit court ought, in the first instance, to adopt, on that branch of the motion; and as this proceeding has for its object, the protection of the rights of the tenants, every reasonable facility and indulgence should be extended to the opposite party, for procuring and exhibiting the proof necessary to dis-, charge the rule, and which ought not to become absolute (from analogy to our statute providing for the revival of causes) until the second term, unless by consent of the party interested as plaintiff. Should the party who instituted and is now prosecuting this suit, ultimately fail to produce evidence of the demandant’s being in life at the commencement thereof, the circuit court ought to dismiss the cause, and enforce the payment of the tenants’ costs by the attorney, or the person who has employed him, according to the circumstances of the case.
So, this court certified its opinion to the circuit court: 1. That the pleadings in the cause ought not to be set aside, and the tenants permitted to plead in abatement. 2. That the court ought to stay proceedings in the cause, till the persons *prosecuting it, shall shew, by proof, that Howard was in life at the commencement thereof. 3. That Willard, who instituted the suit, and for whose benefit a recovery was sought therein, ought not to be permitted to prosecute the same to final judgment, without first shewing that Howard was living at the commencement thereof, although Willard may shew evidence of title to the land in controversy, and deduce his right from Howard. 4. That the circuit court ought to award the rule applied for by the tenants, and make further inquiry as to the alleged contempt, and abuse of the process of the court. And 5. that, unless the party, at whose instance the suit was commenced, shall, within a reasonable time after a rule given for that purpose, produce proof that Howard was living at the commencement of the suit, it ought to be dismissed, and the payment of the tenants’ costs enforced, by attachment, against Willard, or the attorney.